---

**Fill in this information to identify the case:**

United States Bankruptcy Court for the <u>Southern District of Texas</u>

Case number (*if known*): _____ Chapter <u>11</u>

☐    Check if this is an amended filing

---

<u>Official Form 201</u>

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/25

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| **1.** | **Debtor's name** | TPI Mexico II, LLC |

| | | |
|---|---|---|
| **2.** | **All other names debtor used in the last 8 years** <br><br> Include any assumed names, trade names, and *doing business as* names | N/A |

| | | |
|---|---|---|
| **3.** | **Debtor's federal Employer Identification Number** (EIN) | 38-3898269 |

**4.**   **Debtor's address**

| **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|
| 9200    E. Pima Center Parkway <br> Number    Street | <br> Number        Street |
| Suite 250 | |
| Scottsdale    Arizona    85258 <br> City       State       ZIP Code | City       State       ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Maricopa <br> County | <br> Number        Street |
| | City       State       ZIP Code |

| | | |
|---|---|---|
| **5.** | **Debtor's website** (URL) | https://www.tpicomposites.com |

| | | |
|---|---|---|
| **6.** | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br> ☐ Partnership (excluding LLP) <br> ☐ Other.  Specify: _____ |

---

| Debtor | TPI Mexico II, LLC | Case number (if known) | 25-    (   ) |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax- exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

<u>3336</u> - Engine, Turbine, and Power Transmission Equipment Manufacturing

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes    District _____   When _____   Case number _____
MM/ DD/ YYYY

District _____   When _____   Case number _____
MM / DD/ YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes    Debtor ____See Schedule 1____   Relationship ____See Schedule 1____

District ____Southern District of Texas____   When ____08/11/2025____
MM / DD/ YYYY

Case number, if known   _____

Debtor    TPI Mexico II, LLC                              Case number (if known)    25-_____ ( )
         Name

**11. Why is the case filed in this district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
     Number          Street

_____
City                    State        ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact Name _____

Phone _____

---

| | **Statistical and administrative information** |
|---|---|

**13. Debtor's estimation of available funds**

*Check one:*

☐ Funds will be available for distribution to unsecured creditors.

☒ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

(on a consolidated basis with all affiliated debtors)

| | | |
|---|---|---|
| ☐ 1-49 | ☒ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets**

(on a consolidated basis with all affiliated debtors)

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☒ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

Debtor   TPI Mexico II, LLC                                      Case number (if known)   25-_____ (  )
         _____                                                _____
         Name

---

**16. Estimated liabilities**
(on a consolidated basis with all affiliated debtors)

☐ $0-$50,000                    ☐ $1,000,001-$10 million          ☐ $500,000,001-$1 billion
☐ $50,001-$100,000             ☐ $10,000,001-$50 million         ☒ $1,000,000,001-$10 billion
☐ $100,001-$500,000            ☐ $50,000,001-$100 million        ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million          ☐ $100,000,001-$500 million       ☐ More than $50 billion

---

| Request for Relief, Declaration, and Signatures |
|---|

**WARNING** — Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

■ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

■ I have been authorized to file this petition on behalf of the debtor.

■ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   08/11/2025
              MM/DD/YYYY

✗   /s/ William E. Siwek                                William E. Siwek
    _____                  _____
    Signature of authorized representative of          Printed name
    debtor

    Authorized Signatory
    _____
    Title

**18. Signature of attorney**

✗   /s/ Gabriel A. Morgan                     Date   08/11/2025
    _____                _____
    Signature of attorney for debtor                 MM/DD/YYYY

    Gabriel A. Morgan                                 Matthew S. Barr
    _____                _____
    Printed Name

    Weil, Gotshal & Manges LLP                        Weil, Gotshal & Manges LLP
    _____                _____
    Firm Name

    700 Louisiana Street, Suite 3700                  767 Fifth Avenue
    _____                _____
    Address

    Houston, Texas 77002                              New York, New York 10153
    _____                _____
    City/State/Zip

    (713) 546-5000                                    (212) 310-8000
    _____                _____
    Contact Phone

    gabriel.morgan@weil.com                           matt.barr@weil.com
    _____                _____
    Email Address

    24125891              Texas
    _____                _____
    Bar Number            State

---

## Schedule 1

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each affiliated entity listed below (collectively, the "**Debtors**") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas (Houston Division) (the "**Court**"). A motion will be filed with the Court requesting the chapter 11 case of each entity listed below be consolidated for procedural purposes only and jointly administered under the case number assigned to the chapter 11 case of TPI Composites, Inc.

| COMPANY |
| --- |
| TPI Texas, LLC |
| TPI Composites, Inc. |
| TPI International, LLC |
| TPI Turkey, LLC |
| TPI APAC, LLC |
| TPI APAC II, Inc. |
| TPI Turkey II, LLC |
| TPI Turkey Izbas, LLC |
| TPI Composites Services, LLC |
| TPI Mexico, LLC |
| TPI Mexico II, LLC |
| TPI Mexico III, LLC |
| TPI Mexico IV, LLC |
| TPI Mexico V, LLC |
| TPI Mexico VI, LLC |
| Ponto Alto Holdings, LLC |
| TPI Arizona, LLC |
| TPI Iowa, LLC |
| TPI Iowa II, LLC |
| Composite Solutions, Inc. |
| TPI Holdings Mexico, LLC |
| TPI Technology, Inc. |

Omnibus Action by Written Consent
of the Entities listed on Schedule A

**August 11, 2025**

The undersigned, being the (i) members of the boards of directors, (ii) members, and (iii) managers, as applicable (in each case, a "**Governing Body**" and, collectively, the "**Governing Bodies**"), of the entities listed on **Schedule A** (each, a "**Company**" and, together, the "**Companies**"), each hereby consent, acting on behalf of its respective Company, in accordance with the applicable provisions of the organizational documents of the respective Company and the applicable laws of the jurisdiction in which such Company is organized, to the following actions and adopt the following resolutions with respect to the relevant Company in lieu of a meeting, with each such resolution effective as of the date written above.

1. **Chapter 11 Filing**

**WHEREAS**, each Governing Body has had the opportunity to review and analyze the assets, liabilities, and liquidity of the Company for which it serves as the Governing Body and the strategic alternatives available to such Company and the impact of the foregoing on such Company's business;

**WHEREAS**, each Governing Body has had the opportunity to consult with the management and the legal and financial advisors of the Company for which it serves as the Governing Body to fully consider, and has considered, the strategic alternatives available to such Company;

**WHEREAS**, on May 8, 2025, the board of directors (the "**TPI Board**") of TPI Composites, Inc. ("**TPI**") established a transaction committee consisting of three members of the TPI Board (the "**Transaction Committee**"), pursuant to which the Transaction Committee was delegated certain responsibilities, powers, and authority of the TPI Board, including the power to consider, evaluate, negotiate, and recommend to the TPI Board potential capital structure solutions, liability management transactions, or other strategic alternatives for or on behalf of TPI and its direct and indirect subsidiaries, including with respect to a possible restructuring involving all or any portion of TPI's direct and indirect subsidiaries' business or assets;

**WHEREAS**, the Transaction Committee has recommended to the TPI Board that it approve, adopt, and ratify resolutions authorizing TPI and certain of its subsidiaries to file voluntary petitions for relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**");

**WHEREAS**, on or about August 11, 2025, the TPI Board authorized TPI to file a voluntary petition for relief under the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**"); and

**WHEREAS**, each Governing Body believes that taking the actions set forth below is in the best interests of the Company for which it serves as the Governing Body and, therefore,

desires to approve the following resolutions.

**NOW, THEREFORE, BE IT RESOLVED**, that each Governing Body has determined that, after consultation with management and the legal and financial advisors of its respective Company, it is desirable and in the best interests of such Company and its stakeholders that such Company shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition for relief under the provisions of the Bankruptcy Code in the Bankruptcy Court (each a "**Chapter 11 Case**" and collectively, the "**Chapter 11 Cases**"); and be it

**FURTHER RESOLVED**, that any President, Chief Executive Officer, Vice President, Chief Financial Officer, Treasurer, General Counsel, Secretary or Assistant Secretary, Clerk or Assistant Clerk, or other duly appointed officer of each Governing Body and of each Company (collectively, the "**Authorized Signatories**"), acting alone or with one or more other Authorized Signatories be, and they hereby are, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of each Company, to execute and file all petitions, schedules, lists, motions, papers, and other documents, and to take and perform any and all actions that such Authorized Signatory deems necessary, proper, or desirable in connection with each Company's Chapter 11 Case or filings thereof, including (i) the payment of fees, expenses, and taxes such Authorized Signatory deems necessary, appropriate, or desirable and (ii) negotiating, executing, delivering, performing, and filing any and all additional documents, schedules, statements, lists, papers, agreements, certificates, or instruments (or any amendments or modifications thereto) in connection with, or in furtherance of, the Chapter 11 Cases with a view to the successful prosecution of the Chapter 11 Cases (such acts to be conclusive evidence that such Authorized Signatory has been deemed to meet such standard); and be it

**FURTHER RESOLVED**, that all acts and deeds previously performed by any of the Authorized Signatories prior to the adoption of the foregoing resolutions that are within the authority conferred by the foregoing resolutions, are hereby ratified, confirmed, and approved in all respects as the authorized acts and deeds of the relevant Company.

2. **Retention of Professionals**

**NOW, THEREFORE, BE IT RESOLVED**, that the retention of the law firm of Weil, Gotshal & Manges LLP ("**Weil**"), as attorneys for each Company in the Chapter 11 Cases pursuant to the engagement letter among TPI and Weil, is hereby ratified, authorized, and approved; and be it

**FURTHER RESOLVED**, that the retention of the firm of Alvarez & Marsal North America, LLC ("**A&M**"), as financial advisor for each Company in the Chapter 11 Cases pursuant to the engagement letter among TPI, Weil, and A&M, is hereby ratified, authorized, and approved; and be it

**FURTHER RESOLVED**, that the retention of the firm of Jefferies LLC ("**Jefferies**"), as  investment banker for each Company in the Chapter 11 Cases, pursuant to the engagement letter among TPI, Jefferies, and Weil, is hereby ratified, authorized, and approved; and be it

**FURTHER RESOLVED**, that the retention of Kroll Restructuring Administration LLC ("**Kroll**"), as claims and noticing agent in the Chapter 11 Cases, pursuant to the engagement

letter among Kroll and TPI, is hereby ratified, authorized, and approved; and be it

**FURTHER RESOLVED**, that each Authorized Signatory, in each case, acting alone or with one or more Authorized Signatories, be, and hereby is, authorized, empowered, and directed, in the name of and on behalf of each Company, to retain professionals to assist each Company in carrying out their duties under the Bankruptcy Code and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any professionals as necessary, proper, or desirable.

**3.  Debtor-in-Possession Financing and Cash Collateral**

**WHEREAS,** each Company proposes to enter into a secured super-priority priming debtor-in-possession financing facility (such transaction, the "**DIP Financing**") in connection with the Chapter 11 Cases to be evidenced by a binding terms sheet, promissory note or that certain Super-Priority Senior Secured Priming Debtor-in-Possession Credit Agreement, dated on or about the date hereof (as may be amended, restated, amended and restated, supplemented, or otherwise modified from time to time, the "**DIP Credit Agreement**"), on terms and conditions substantially consistent with those presented to each Governing Body, with any amendments, modifications, alterations, or changes thereto as may be approved by any Authorized Signatory (which, as used throughout in this Section 3, with respect to any Company, shall be deemed to include any Authorized Signatory of any parent entity of such Company), and subject to approval of the Bankruptcy Court;

**WHEREAS**, each such Company desires to guaranty the payment and performance of the obligations (other than such Company's own primary obligations) under the DIP Credit Agreement and the other Additional DIP Financing Documents (as defined below) and grant the security interests required in the DIP Credit Agreement and the other Additional DIP Financing Documents; and

**WHEREAS**, it is hereby deemed that the DIP Credit Agreement and the Additional DIP Financing Documents and, to the extent such Company is a party thereto, the execution and delivery thereof, the performance of such Company's obligations thereunder and the transactions contemplated thereby, are advisable and in the best interests of such Company.

**NOW, THEREFORE, BE IT RESOLVED**, that (a) the form, terms, and conditions of the DIP Credit Agreement, together with any amendments, modifications, alterations, or changes thereto as may be approved by any Authorized Signatory, (b) the execution, delivery, and performance by such Company, to the extent it is party thereto, of the DIP Credit Agreement and the Additional DIP Financing Documents, and the consummation of the transactions contemplated thereunder, including the borrowing (and repayment) of any loans or funds or any other extension of credit under the DIP Credit Agreement and any Additional DIP Financing Document, the guaranty of any obligations under the DIP Credit Agreement and any Additional DIP Financing Document, and the use of proceeds to provide liquidity for each Company throughout the Chapter 11 Cases, (c) the grant of security interests in all or any portion of such Company's assets to secure any obligations under the DIP Credit Agreement and any Additional

DIP Financing Documents, (d) if applicable, the repayment, refinancing, termination, or other treatment of pre-petition debt of such Company and any other existing indebtedness pursuant to the terms of the DIP Credit Agreement and any Additional DIP Financing Document, and (e) the execution, delivery, and performance by such Company, to the extent it is party thereto, of all agreements, security, guarantee, or collateral documents (including that certain Super-Priority Senior Secured Debtor-in-Possession Security Agreement, dated on or about the date hereof), mortgages, financing statements, documents, promissory notes, instruments, notices, certificates, stock powers, payoff letters, fee letters, engagement letters, and all other related documents, including exhibits and schedules thereto or that are otherwise necessary, advisable, desirable, or appropriate (in the determination of any Authorized Signatory) to be executed and delivered by such Company in connection with the DIP Credit Agreement, in each case, in such form and substance as may be approved by any Authorized Signatory (each an "**Additional DIP Financing Document**" and, collectively, the "**Additional DIP Financing Documents**"), are hereby in all respects authorized and approved, and that each Authorized Signatory, any one of whom may act without the joinder of any of the others, be, and they hereby are, authorized, empowered, and directed to do and perform, or cause to be done and performed all such acts and things and to sign and deliver or cause to be signed and delivered, all such documents, agreements, certificates, and other instruments, and to take all such other actions as are necessary, advisable, desirable, or appropriate in order to effectuate the purpose and intent of the foregoing resolutions; and be it

      **FURTHER RESOLVED**, that the granting by such Company of liens on and security interests in any or all of its assets to secure any obligations under the DIP Credit Agreement and any Additional DIP Financing Documents and the filing and recording of any UCC financing statements, fixture filings, intellectual property filings, or any other documents and the taking of any other actions necessary, advisable, desirable, or appropriate to perfect such security interests, are hereby authorized and approved, and each Authorized Signatory is authorized on behalf of such Company to execute and deliver any such other perfection documents or instruments, including continuation statements, and pay such fees, taxes, and expenses, as necessary; and be it

      **FURTHER RESOLVED**, that the pledge by such Company of any equity interest held by it, the transfer of such equity interest to the administrative agent or collateral agent for the DIP Financing (the "**DIP Agent**") or any nominee thereof and any transfer from time to time by the DIP Agent or its nominee to any other person pursuant to the exercise of any rights under the DIP Financing Agreements and all steps required of such Company to give effect to such pledge and transfers, including the issuance of certificates of ownership and the entering of the names of any transferees onto the subsidiaries' equity holder registers, are hereby approved and that each Authorized Signatory is hereby authorized, empowered, and directed on behalf of such Company, to execute and deliver any such other transfer documents or instruments; and be it

      **FURTHER RESOLVED**, that each Authorized Signatory, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of such Company, to take all actions (including (a) the negotiation, execution, delivery, and filing of any agreements, letters, certificates, or other instruments or documents, (b) any increase in the principal amount of any obligation, (c) the modification or amendment of any of the terms and conditions of the DIP Credit Agreement or any Additional DIP Financing Document to the extent such Company is a party, (d) the payment of any consideration, and (e) the payment of expenses,

fees, and taxes) as any such Authorized Signatory may deem necessary, advisable, desirable, or appropriate (such acts to be conclusive evidence that such Authorized Signatory, in his or her sole discretion, deemed the same to be necessary, advisable, desirable, or appropriate) to effect the transactions contemplated under the DIP Credit Agreement or any Additional DIP Financing Document to the extent such Company is a party, and all acts of any such Authorized Signatory taken pursuant to the authority granted herein, or having occurred prior to the date hereof in order to effect such transactions, are hereby approved, adopted, ratified, and confirmed in all respects as the acts and deeds of such Company; and be it

**FURTHER RESOLVED**, that the execution, delivery, and performance of each of the documents described in the foregoing resolutions is necessary or convenient to the conduct, promotion, or attainment of the business and purposes of the Companies; and be it

**FURTHER RESOLVED**, that the signature of any Authorized Signatory of such Company to the DIP Credit Agreement, the Additional DIP Financing Documents, or any other documents in connection therewith shall be conclusive evidence of the authority of such Authorized Signatory, in the name and on behalf of such Company, to execute and deliver such document to which such Company is a party; and be it

**FURTHER RESOLVED**, that any and all past actions heretofore taken by any Authorized Signatory of such Company, in the name and on behalf of such Company, or for the benefit of, such Company or in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects.

## 4. <u>General Resolutions</u>

**NOW, THEREFORE, BE IT RESOLVED**, that each Authorized Signatory be, and each of them hereby is, authorized, empowered, and directed to execute, acknowledge, verify, deliver, and file any and all such other agreements, documents, instruments, or certificates and to take such other actions as may be necessary, proper or appropriate in order to carry out the intent and purposes of any of the foregoing resolutions; and be it

**FURTHER RESOLVED**, that, to the extent that any Company serves as the sole member, sole manager, managing member, general partner, partner, or other governing body (collectively, a "**Controlling Company**"), in each case, of any other Company (a "**Controlled Company**"), each Authorized Signatory of such Company, who may act without the joinder of any other Authorized Signatory, be, and hereby is, authorized, empowered and directed in the name and on behalf of such Controlling Company (acting for such Controlled Company in the capacity set forth above, as applicable), to (i) authorize such Controlled Company to take any action that such Company is authorized to take hereunder or (ii) take any action on behalf of such Controlled Company that an Authorized Signatory is herein authorized to take on behalf of such Controlling Company; and be it

**FURTHER RESOLVED**, that each Governing Body has received sufficient notices of the actions and transactions relating to the matters contemplated by any of the foregoing resolutions, as may be required by the organizational documents of the Company for which it serves as the Governing Body, or hereby waive any right to have received such notices; and be

it

**FURTHER RESOLVED**, that any and all actions heretofore or hereafter taken and expenses incurred in the name of and on behalf of each Company by any Authorized Signatory of any such Company in connection with or related to the matters set forth or contemplated by any of the foregoing resolutions be, and they hereby are, approved, ratified, and confirmed in all respects as fully as if such actions had been presented to and approved by the Governing Bodies prior to such actions being taken.

*     *     *     *

Each undersigned (being the Governing Body for the Company for which it serves as the Governing Body) agrees that this Omnibus Action by Written Consent shall be added to the corporate records of each such Company and made a part thereof, and the undersigned further agrees that the resolutions set forth herein shall have the same force and effect as if adopted at a meeting duly noticed, held, called and constituted pursuant to each such Company's respective organizational documents and the applicable laws of the jurisdiction in which each such Company is organized. Facsimile, scanned, or electronic signatures shall be acceptable as originals.

**BOARD OF DIRECTORS OF**
**COMPOSITES SOLUTIONS, INC.:**

By: _____

Name: William Siwek

**MEMBER OF PONTO ALTO HOLDINGS, LLC:**

**TPI Composites, Inc.**

By: _____
Name: William Siwek
Title: President and Chief Executive Officer

**BOARD OF DIRECTORS OF TPI
APAC II, INC.:**

By: _____
Name: William Siwek

**MEMBER OF TPI APAC, LLC:**

**TPI Composites, Inc.**

By: _____

Name: William Siwek

Title: President and Chief Executive
Officer

**MANAGER OF TPI ARIZONA, LLC:**

**TPI Composites, Inc.**

By: _____
Name: William Siwek
Title: President and Chief Executive
Officer

**MEMBER OF TPI COMPOSITES SERVICES, LLC:**

**TPI Composites, Inc.**

By: _____

Name: William Siwek

Title: President and Chief Executive Officer

**MEMBER OF TPI HOLDINGS MEXICO, LLC:**

**TPI Mexico LLC**

By: _____
Name: William Siwek
Title: President and Chief Executive Officer

**MEMBER OF TPI HOLDINGS MEXICO, LLC:**

**TPI Mexico III, LLC**

By: _____
Name: William Siwek
Title: President and Chief Executive Officer

**MEMBER OF TPI HOLDINGS MEXICO, LLC:**

**TPI Mexico V, LLC**

By: _____
Name: William Siwek
Title: President and Chief Executive Officer

**MANAGER OF TPI INTERNATIONAL, LLC:**

**TPI Composites, Inc.**

By: _____
Name: William Siwek
Title: President and Chief Executive Officer

**MEMBER OF TPI IOWA II, LLC:**

**TPI Composites, Inc.**

By: _____
Name: William Siwek
Title: President and Chief Executive
Officer

**MANAGER OF TPI IOWA, LLC:**

**TPI Composites, Inc.**

By: _____

*William Siwek*

CE43994B8C72483...

Name: William Siwek

Title: President and Chief Executive Officer

**MANAGER OF TPI MEXICO II, LLC:**

**TPI Composites, Inc.**

By: _____
Name: William Siwek
Title: President and Chief Executive
Officer

**MEMBER OF TPI MEXICO III, LLC:**

**TPI Composites, Inc.**

By: _____
Name: William Siwek
Title: President and Chief Executive
Officer

**MEMBER OF TPI MEXICO IV, LLC:**

**TPI Composites, Inc.**

By: _____
Name: William Siwek
Title: President and Chief Executive
Officer

**MEMBER OF TPI MEXICO V, LLC:**

**TPI Composites, Inc.**

By: _____
Name: William Siwek
Title: President and Chief Executive
Officer

**MEMBER OF TPI MEXICO VI, LLC:**

**TPI Composites, Inc.**

By: _____
Name: William Siwek
Title: President and Chief Executive
Officer

**MANAGER OF TPI MEXICO, LLC:**

**TPI Composites, Inc.**

By: _____
Name: William Siwek
Title: President and Chief Executive Officer

**BOARD OF DIRECTORS OF TPI TECHNOLOGY INC.:**

By: _____

Name: William Siwek

**MEMBER OF TPI TEXAS, LLC:**

**TPI Composites, Inc.**

By: _____

Name: William Siwek

Title: President and Chief Executive Officer

**MANAGER OF TPI TURKEY, LLC:**

**TPI Composites, Inc.**

By: _____

Name: William Siwek

Title: President and Chief Executive Officer

**MEMBER OF TPI TURKEY IZBAS, LLC:**

**TPI Composites, Inc.**

By: _____
Name: William Siwek
Title: President and Chief Executive Officer

**MANAGER OF TPI TURKEY, LLC:**

**TPI Composites, Inc.**

By: _____
Name: William Siwek
Title: President and Chief Executive Officer

[Signature Page to Omnibus Action by Written Consent]

## SCHEDULE  A

| Company Name |
| --- |
| 1. Composites Solutions, Inc. |
| 2. Ponto Alto Holdings, LLC |
| 3. TPI APAC II, Inc. |
| 4. TPI APAC, LLC |
| 5. TPI Arizona, LLC |
| 6. TPI Composites Services, LLC |
| 7. TPI Holdings Mexico, LLC |
| 8. TPI International, LLC |
| 9. TPI Iowa II, LLC |
| 10. TPI Iowa, LLC |
| 11. TPI Mexico II, LLC |
| 12. TPI Mexico III, LLC |
| 13. TPI Mexico IV, LLC |
| 14. TPI Mexico V, LLC |
| 15. TPI Mexico VI, LLC |
| 16. TPI Mexico, LLC |
| 17. TPI Technology, Inc. |
| 18. TPI Texas, LLC |
| 19. TPI Turkey II, LLC |
| 20. TPI Turkey Izbas, LLC |
| 21. TPI Turkey, LLC |

**Fill in this information to identify the case:**

Debtor name: TPI Mexico II, LLC

United States Bankruptcy Court for the Southern District of Texas
(State)

Case number (*If known*):   25-_____ ( )

☐ Check if this is an amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of consolidated creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes.  Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|---|
| 1 | U.S. Bank Trust Company, National Association Attn.: Joshua A. Hahn, VP 60 Livingston Avenue Saint Paul, Minnesota 55107 United States | Attn: Joshua A. Hahn, VP Phone: (612) 659-2000 Email: joshua.hahn@usbank.com | 5.25% Convertible Senior Notes due 2028 | | | | $135,339,675.00 |
| 2 | Zoltek Corporation Attn.: Dave Purcell, CEO 3101 McKelvey Road Bridgeton, Missouri 63044 United States | Attn: Dave Purcell, CEO Phone: (314) 291-5110 Email: david.purcell.a6@zoltek.com | Trade Payable | | | | $17,064,236.90 |
| 3 | Blue Cube Operations, LLC Attn.: Ken Lane, CEO 190 Carondelet Plaza, Suite 1530 Clayton, Missouri 63105 United States | Attn: Ken Lane, CEO Phone: (844) 238-3445 Email: klane@olin.com | Trade Payable | | | | $14,631,033.57 |
| 4 | Newtech Industrial (Singapore) Pte. Ltd. Attn.: Kunlun Tan, President 987 Serangoon Road Singapore, 328147 Singapore | Attn: Kunlun Tan, President Phone: +86 519 8343 8330 Email: kunlun@newtryglobal.com | Trade Payable | | | | $9,289,495.51 |
| 5 | Sunwell (Jiangsu) Carbon Fiber Composite Co., Ltd. Attn.: Robert Tsai, Chairman No. 9 Industry South 6th Road Nantou City, TW-Nan, 54066 Taiwan | Attn: Robert Tsai, Chairman Phone: +86 21 5774 6183 Email: robert@swancor.com | Trade Payable | | | | $8,015,451.00 |
| 6 | Baltek Attn.: Eric Gauthier, CEO 108 Fairway Court Northvale, New Jersey 07647 United States | Attn: Eric Gauthier, CEO Phone: (201) 784-8370 Email: eric.gauthier@3acomposites.com | Trade Payable | | | | $7,312,211.09 |

Debtor  TPI Mexico II, LLC        Case number (if known) 25-_____ ( )
_____
Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7  Zhejiang Zhenshi New Materials Co., Ltd.<br>Attn.: Anna Huang, Vice Chairman<br>No 1 Guangyun South Road<br>Tongxiang, 314500<br>China | Attn.: Anna Huang, Vice Chairman<br>Phone: +86 13586493451<br>Email: anna.huang@zhenshi.com | Trade Payable | | | | $6,640,824.05 |
| 8  Composites One, LLC<br>Attn.: David P. Smith, CCO<br>100 W 33rd Street<br>New York, New York 10001<br>United States | Attn.: David P. Smith, CCO<br>Phone: (866) 415-4954<br>Email: dave.smith@compositesone.com | Trade Payable | | | | $4,873,147.96 |
| 9  Mankiewicz Coatings LLC<br>Attn.: Andrew Bellamy, CEO<br>Georg-Wilhelm-Strasse 189<br>Hamburg, 21107<br>Germany | Attn.: Andrew Bellamy, CEO<br>Phone: +49 40 751030<br>Email: andrew.bellamy@mankiewicz.com | Trade Payable | | | | $3,830,525.18 |
| 10  Westlake Epoxy Inc.<br>Attn.: Jean-Marc Gilson, CEO<br>2801 Post Oak Boulevard, Suite 600<br>Houston, Texas 77056<br>United States | Attn.: Jean-Marc Gilson, CEO<br>Phone: (380) 251-9900<br>Email: jgilson@westlake.com | Trade Payable | | | | $2,904,810.57 |
| 11  SAERTEX LLC<br>Attn.: Christian Beckmann, CEO<br>12200 Mount Holly Hntrsvlle Road, Suite A<br>Huntersville, North Carolina 28078<br>United States | Attn.: Christian Beckmann, CEO<br>Phone: (704) 464-5998<br>Email: c.beckmann@saertex.com | Trade Payable | | | | $2,859,222.59 |
| 12  Leadgo America Inc.<br>Attn.: Terry Hu, CEO<br>801 E Chapman Avenue, Suite 216<br>Fullerton, California 92831<br>United States | Attn.: Terry Hu, CEO<br>Phone: (714) 729-0180<br>Email: thu@leadgo.us | Trade Payable | | | | $2,572,824.23 |
| 13  Cotech IRM Services Inc.<br>Attn.: Raymond Semple, COO<br>12040 Perry Road<br>Houston, Texas 77070<br>United States | Attn.: Raymond Semple, COO<br>Phone: (281) 550-5540<br>Email: raymond.semple@auroraenergy.co | Trade Payable | | | | $2,296,048.00 |
| 14  Advanced Cutting Solutions LLC<br>Attn.: Nathanial Makin, President<br>1400 Chef Menteur Highway<br>New Orleans, Louisiana 70129<br>United States | Attn.: Nathanial Makin, President<br>Phone: (504) 356-4107<br>Email: nmakin@acskits.com | Trade Payable | | | | $1,812,368.91 |
| 15  LM Wind Power A/S<br>Attn.: Hanif Mashal, CEO<br>LM Wind Power Asjupitervej 6<br>Kolding, DK-83, 836000<br>Denmark | Attn.: Hanif Mashal, CEO<br>Phone: +45 79 84 00 00<br>Email: hanif.mashal@lmwindpower.com | Trade Payable | | | | $1,513,446.00 |

| Debtor | TPI Mexico II, LLC | Case number (if known) | 25-_____ ( ) |
| | Name | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 16 | Finework(Hunan) New Energy Technology Co., Ltd. Attn.: Zhang Youjun Chairman Dongxin Road Zoushi Town, Dahua Industry Park Changde City, Taoyuan County, CN-HN, 415701 China | Attn.: Zhang Youjun Chairman Phone: +86 0736-6643660 Email: youjun.zhang@shfinework.cn | Trade Payable | | | | $1,504,708.27 |
| 17 | Gurit Ltd. Attn.: Javier Perez-Freije, CFO St Cross Business Park Newport, Isle of Wight, GB-NWP, PO30 5WU United Kingdom | Attn.: Javier Perez-Freije, CFO Phone: +41 44 316 15 50 Email: javier.perez@gurit.com | Trade Payable | | | | $1,410,599.01 |
| 18 | Jianhui FRP Trading Co., Ltd. Attn.: Kari Loukola , Executive VP Room 1201 Allied Kajima Building 138 Gloucester Road Wanchai, Jiangsu, CN-HK, 523881 China | Attn.: Kari Loukola , Executive VP Phone: +358 503422870 Email: kari.loukola@exelcomposites.com | Trade Payable | | | | $1,409,380.80 |
| 19 | Kaon Polymer and Sealants Co., Ltd. Attn.: John Um, CEO 27 Jiwonro Danwongu Ansan-City, KR-41, 15619 Republic of Korea | Attn.: John Um, CEO Phone: + 82 31 319 7088 Email: johnum@kaonpns.com | Trade Payable | | | | $1,302,435.20 |
| 20 | Polytech A/S Attn.: William Tyllstrom, Director Business Development Industrievej 37 Bramming, DK-83, 6740 Denmark | Attn.: William Tyllstrom, Director Business Development Phone: +45 75 10 10 26 Email: wty@polytech.com | Trade Payable | | | | $1,300,008.01 |
| 21 | Custom Profile, Inc. Attn.: Keith Zeiler, CEO 2535 Waldorf Court NW Grand Rapids, Michigan 49544 United States | Attn.: Keith Zeiler, CEO Phone: (616) 735-4410 Email: kzeiler@custom-profile.com | Trade Payable | | | | $1,225,904.52 |
| 22 | LAP Laser LLC Attn.: Thomas Simmerer, CEO 1830 Airport Exchange Boulevard, Suite 110 Erlanger, Kentucky 41018 United States | Attn.: Thomas Simmerer, CEO Phone: (561) 416-9250 Email: t.simmerer@lap-laser.com | Trade Payable | | | | $1,204,241.33 |
| 23 | Roller Bearing Company of America Attn.: Mike Hartnett, CEO 102 Willenbrock Road Oxford, Connecticut 06478 United States | Attn.: Mike Hartnett, CEO Phone: (203) 267-7001 Email: mhartnett@rbcbearings.com | Trade Payable | | | | $883,554.20 |

| Debtor | TPI Mexico II, LLC | Case number (if known) | 25-_____ ( ) |
|---|---|---|---|
| | Name | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 24 American Clean Power Association Attn.: Jason Grumet, CEO 1501 M Street NW, Suite 900 Washington, DC 20005 United States | Attn.: Jason Grumet, CEO Phone: (202) 383-2500 Email: jgrumet@cleanpower.org | Trade Payable | | | | $830,000.00 |
| 25 MDT A/S Attn.: Jonas Andersen, Senior Design Engineer Vaerkstedsvej 2 Kolding, DK-83, DK-83 6000 Denmark | Attn.: Jonas Andersen, Senior Design Engineer Phone: +45 7555 9797 Email: jonas@flexible-products.dk | Trade Payable | | | | $746,781.46 |
| 26 Enercon GmbH Attn.: Uli Südhoff, CCO Dreekamp 5 Aurich, 26605 Germany | Attn.: Uli Südhoff, CCO Phone: +49 4941 927100 Email: ulrich.suedhoff@gmx.de | Customer Claim | Contingent Unliquidated Disputed | | | Undetermined |
| 27 GE Renewables Attn.: Scott Strazik, CEO 1 River Road Schenectady, New York 12345 United States | Attn.: Scott Strazik, CEO Phone: (518) 385-2211 Email: scott.strazik@gevernova.com | Customer Claim | Contingent Unliquidated Disputed | | | Undetermined |
| 28 Nordex Energy Attn.: Jose Luis Blanco, CEO Langenhorner Chaussee 600 Hamburg, 22419 Germany | Attn.: Jose Luis Blanco, CEO Phone: +49 40 300 30 1000 Email: jblanco@nordex-online.com | Customer Claim | Contingent Unliquidated Disputed | | | Undetermined |
| 29 Siemens Gamesa Renewable Energy Attn.: Marc Becker, Senior V.P. 2597 Highway 61 Fort Madison, Iowa 52627 United States | Attn.: Marc Becker, Senior V.P. Phone: (303) 895-2010 Email: marc.becker@siemensgamesa.com | Customer Claim | Contingent Unliquidated Disputed | | | Undetermined |
| 30 Vestas Manufacturing Attn.: Todd O'Neill, CEO 11140 Eastman Park Drive Windsor, Colorado 80550 United States | Attn.: Todd O'Neill, CEO Phone: (503) 327-2000 Email: toneill@vestas.com | Customer Claim | Contingent Unliquidated Disputed | | | Undetermined |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| **TPI MEXICO II, LLC,** | § § | Case No. 25-_____ ([●]) |
| Debtor. | § § | |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT**
**PURSUANT TO FED. R. BANKR. P. 1007 AND 7007.1**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, attached hereto as **Exhibit A** is an organizational chart reflecting the ownership interests in TPI Composites, Inc. ("**TPI Parent**") and its debtor subsidiaries (each, a "**Debtor**" and collectively, the "**Debtors**"). The Debtors respectfully represent as follows:

Equity interests of TPI Parent are held as follows: (i) 65.94% of the interests are widely held by shareholders; (ii) 15.58% of the interests are held by Zeki Bora Turan Akdeniz Mahall; (iii) 9.44% of the interests are held by Oaktree Capital Management L.P. through various affiliates; and (iv) 9.04% of the interests are held by Dere Construction Taahut A.S.[1]

TPI Parent owns 100% of the outstanding equity or membership interests, as applicable, of (i) TPI Texas, LLC, (ii) TPI International, LLC, (iii) TPI Turkey, LLC, (iv) TPI APAC, LLC, (v) TPI APAC II, Inc., (vi) TPI Turkey II, LLC, (vii) TPI Turkey Izbas, LLC, (viii) TPI Composites Services, LLC, (ix) TPI Mexico, LLC ("**TPI Mexico**"), (x) TPI Mexico II, LLC, (xi) TPI Mexico III, LLC ("**TPI Mexico III**"), (xii) TPI Mexico IV, LLC, (xiii) TPI Mexico V, LLC ("**TPI Mexico V**"), (xiv) TPI Mexico VI, LLC, (xv) Ponto Alto Holdings, LLC,

---

[1] The equity interests in TPI Parent reflected herein are as of the end of the second quarter of financial year 2025.

(xvi) TPI Arizona, LLC, (xvii) TPI Iowa, LLC, (xviii) TPI Iowa II, LLC, and (xix) Composite Solutions, Inc. ("**TPI Composite Solutions**").

TPI Mexico, TPI Mexico III, and TPI Mexico V each own one-third (33.33%) of the membership interests of TPI Holdings Mexico, LLC.

TPI Composite Solutions owns 100% of the equity interests of TPI Technology, Inc.

## Exhibit A

**Organizational Chart**



**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| | § | |
| In re: | § | **Chapter 11** |
| | § | |
| **TPI MEXICO II, LLC,** | § | **Case No. 25-_____ ([●])** |
| | § | |
| Debtor. | § | |

### LIST OF EQUITY HOLDERS[1]

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the following identifies the equity security holders of the above-captioned debtor in possession (the "**Debtor**").

Check applicable box:

☐ There are no equity security holders or corporations that directly or indirectly own 10% or more of any class of the Debtor's equity interest.

☒ The following are the Debtor's equity security holders (list holders of each class, showing the number and kind of interests registered in the name of each holder, and the last known address or place of business of each holder):

| Name and Last Known Address or Place of Business of Holder | Kind/Class of Interest | Percentage of Interests Held |
|---|---|---|
| TPI Composites, Inc.<br>9200 E. Pima Center Parkway, Suite 250<br>Scottsdale, Arizona 85258 | Membership Interests | 100% |

---

[1] This list serves as the required disclosure by the Debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed are as of the date of commencement of the Debtor's chapter 11 case.

**Fill in this information to identify the case:**

Debtor name: <u>TPI Mexico II, LLC</u>

United States Bankruptcy Court for the <u>Southern District of Texas</u>
(State)

Case number (*If known*): <u>25-____ ( )</u>

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors                12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING – Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)

☐  Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)

☐  Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

☐  Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)

☐  Schedule H: Codebtors (Official Form 206H)

☐  Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)

☐  Amended Schedule ____

☒  Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☒  Other document that requires a declaration <u>Consolidated Corporate Ownership Statement and List of Equity Holders</u>.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on <u>08/11/2025</u>
MM/DD/YYYY

**X** <u>/s/ William E. Siwek</u>
Signature of individual signing on behalf of debtor

<u>William E. Siwek</u>
Printed name

<u>Authorized Signatory</u>
Position or relationship to debtor